**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| In re: | No. CV-08-0716-PHX-FJM |
| Global Grounds Greenery, LLC, et al., | **ORDER** |
| Debtors | BK No. 2:06-1701-RJH |
|  | Jointly administered with: |
|  | BK No. 2:06-1702-RJH |
|  | BK No. 2:06-1718-RJH |
|  | BK No. 2:06-1741-RJH |
| Peter J. McQuaid, | BK No. 2:06-1743-RJH |
|  | BK No. 2:06-1744-RJH |
| Plaintiff, | BK No. 2:06-1758-RJH |
| vs. |  |
| OS-95, LLC, et al., |  |
| Defendants. |  |

The court has before it plaintiff's motion to withdraw the reference of adversary proceeding (doc. 2), defendants' objection (doc. 8), and plaintiff's reply (doc. 11).

Plaintiff Peter J. McQuaid and defendants, five Arizona limited liability companies, are creditors of Global Grounds Greenery, LLC, et al., debtors in Chapter 11 proceedings in the United States Bankruptcy Court for the District of Arizona. Plaintiff and defendants were investors in debtors' "concert promotion" operation, allegedly a Ponzi scheme.

1        In February 2008, plaintiff filed an amended complaint against defendants in the
2 Superior Court of Arizona in Maricopa County (doc. 2, Ex. E), alleging that defendants
3 participated in debtors' fraudulent scheme in violation of A.R.S. § 44-1991(A). Pursuant to
4 28 U.S.C. § 1452, defendants removed the action to the United States District Court for the
5 District of Arizona. The action was then automatically referred to the bankruptcy court
6 pursuant to 28 U.S.C. § 157(a) and General Order 01-15 (June 29, 2001). Plaintiff now
7 moves to withdraw the reference.
8        Under 28 U.S.C. § 157(d), "The district court may withdraw, in whole or in part, any
9 case or proceeding referred under this section, on its own motion or on timely motion of any
10 party, for cause shown." Plaintiff contends that there is cause shown because he demands
11 a jury trial and will not consent to its being presided over by a bankruptcy judge. See 28
12 U.S.C. § 157(e) (stating that a bankruptcy judge may preside over a jury trial only with the
13 consent of all the parties); In re Orion Pictures Corp., 4 F.3d 1095, 1101 (2d Cir. 1993)
14 (stating that the presence of a jury demand is a factor in evaluating "cause" to withdraw the
15 reference). Also, the United States Court of Appeals for the Ninth Circuit has held that,
16 because of Seventh Amendment rights, "bankruptcy courts cannot conduct jury trials on
17 noncore matters, where the parties have not consented." In re Cinematronics, Inc., 916 F.2d
18 1444, 1451 (9th Cir. 1990).
19        We agree with plaintiff that this action is a "noncore matter," which is defined as an
20 action that does not "depend on bankruptcy laws for [its] existence and that could proceed
21 in another court." Security Farms v. Int'l Bhd. of Teamsters, 124 F.3d 999, 1008 (9th Cir.
22 1997). However, a jury demand on a noncore matter does not necessitate immediate
23 withdrawal of the reference when, as in this action, trial is a only a distant possibility;
24 the reference can be withdrawn later, if and when a jury trial becomes imminent. See In re
25 Orion Pictures Corp., 4 F.3d at 1101–02. On the present motion, we must consider factors
26 such as "efficient use of judicial resources, delay and costs to the parties, [and] uniformity
27 of bankruptcy administration." Id. at 1101.
28

1    Here, the bankruptcy court is already familiar with the parties and many of the
2 factual underpinnings of plaintiff's claims.  Indeed, it appears that contentions similar to
3 those in plaintiff's complaint have already been presented to the bankruptcy court in plan
4 confirmation hearings.  <u>See</u> <u>Response, Ex. A</u>.  Even without determining what preclusive
5 effect, if any, the bankruptcy court's previous orders would have on this action, we are
6 hesitant to consider claims that the bankruptcy court might have already addressed.
7    For these reasons, we conclude that this action is best left in the bankruptcy court at
8 this time.  Of course, this does not prejudice plaintiff's right to exercise his Seventh
9 Amendment rights in the unlikely event that the action proceeds to trial.  <u>See</u> <u>In re Orion</u>
10 <u>Pictures Corp.</u>, 4 F.3d at 1102 (noting that unlikelihood of trial can support refusal to
11 withdraw the reference).
12    Accordingly, **IT IS HEREBY ORDERED DENYING** plaintiff's motion to
13 withdraw the reference to the bankruptcy court (doc. 2).
14    DATED this 19th day of June, 2008.

*/s/ Frederick J. Martone*
Frederick J. Martone
United States District Judge